**SCOTTSDALE INSURANCE COMPANY, Plaintiff,**

v.

**CUTZ, LLC, et al., Defendants.**

**No. 06–20114–CIV–GRAHAM.**

United States District Court,
S.D. Florida,
Miami Division.

March 9, 2007.

Julie Karen Linhart, Matthew L. Litsky, Phelps Dunbar, LLP, Tampa, FL, for Plaintiff.

Richard Brian Rosenthal, Richard B. Rosenthal, Sean Michael Cleary, Sean M. Cleary Law Offices, Scott Jeffrey Jontiff, Jontiff & Jontiff, James Curtis Blecke, Miami, FL, for Defendants.

Jeannie M. Jontiff, Jontiff & Jontiff, Miami, FL, for Plaintiff/Defendants.

## ORDER

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** comes before the Court upon Plaintiff Scottsdale Insurance Company's Motion for Summary Judgment on Counts I, II, III, IV, V, and VI and Incorporated Memorandum of Law [D.E. 40] and Defendant G & G Laboratories, Inc.'s Motion for Summary Judgment as to Count IV [D.E. 41].

**THE COURT** has considered the Motions, the pertinent portions of the record, and is otherwise duly advised in the premises. For the reasons discussed below, the Court will **GRANT** Plaintiff's Motion for Summary Judgment [D.E. 40] as to Counts IV, V, and VI[1] and **DENY** Defendant G & G Laboratories, Inc.'s Motion for Summary Judgment as to Count IV [D.E. 41].

## I. BACKGROUND

On September 6, 2003, Alexander B. Harris and Emmett Greene were shot to death by unknown assailants while at the Cutz LLC barbershop located at 5050 Biscayne Boulevard, Miami, Florida 33137, On or about November 11, 2005, personal representatives of the decedents, legal guardians of the decedents' children, and others filed a lawsuit in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida against Cutz and its lessor, G & G Laboratories, Inc. seeking damages for wrongful death and negligence based on Defendants' alleged failure to provide security at the barbershop premises.

At all relevant times, Cutz was the named insured under an insurance policy with Scottsdale Insurance Company for the barbershop premises. The insurance policy contained four (4) coverage parts: (1) Commercial General Liability Coverage of $2 million per occurrence/general aggregate; (2) Employee Benefit Liability Coverage of $1 million each employee/aggregate[2]; (3) Errors and Omissions Coverage of $1 million each claim/aggregate; and (4) Sexual and/or Physical Abuse Liability Coverage of $25, 000 each claim/$50, 000 aggregate.

Both Cutz and G & G Laboratories sought a defense from Scottsdale Insurance in the underlying action. Scottsdale Insurance filed this action seeking a declaration that: (1) only the Sexual and/or Physical Abuse Liability Coverage part provided coverage to Cutz; and (2) G & G Laboratories is not insured under the policy. Scottsdale Insurance has since entered into a settlement agreement with Cutz and the underlying plaintiffs. G & G Laboratories is the only remaining Defendant. At issue is whether G & G Laboratories is an "insured" or "additional insured" as the policy defines those terms.

The Commercial General Liability Coverage part, "Section II—Who is an Insured" defines "insured," in part, as:

c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

\* \* \*

2. Each of the following is also an insured:

a. Your 'volunteer workers' only while performing duties related to the

---

1. The relevant parties entered into a settlement agreement as to Counts I, II, and III. The Court will therefore Deny, as moot, Plaintiff's Motion for Summary Judgment as to those counts.

2. Employee Benefit Liability Coverage was never at issue in this action.

conduct of your business, or your 'employees', other than either your 'executive officers' (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these 'employees' or 'volunteer workers' are insureds for . . .

An endorsement to the Commercial General Liability Coverage part entitled "Additional Insured–Designated Person or Organization" lists "All Operators @ 5050 Biscayne Blvd., Miami, FL 33137" as "additional insureds." The other parts of the insurance policy provide similar definitions of "insured" and "additional insured."

According to G & G Laboratories, its principal place of business is at 5050 Biscayne Blvd., Miami, FL 33137. Therefore, G & G Laboratories argues, it is an "operator at 5050 Biscayne Blvd., Miami, FL 33137" and an "additional insured." Scottsdale Insurance argues that "operator" refers to Cutz' employees. None of the policy parts define "operator." However, the "Beauty Parlor/Barber Shop Liability Application" originally filled out by Cutz to obtain the policy from Scottsdale Insurance uses the term "operator" in several places. For example, it asks, "Number of operators employed." It then goes on to ask whether those "operators" are full-time or part-time. It also asks, "[a]re all operators licensed," and "[h]as any operator had a previous claim for alleged malpractice, error or mistake?"

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). That burden is discharged if the moving party shows the Court that there is "an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. 2548. Once the moving party has discharged its burden, the nonmoving party must designate specific facts showing that there is a genuine issue of material fact. *Id.* at 324, 106 S.Ct. 2548. Issues of fact are "genuine" only if a reasonable jury considering the evidence presented could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Material facts are those that will affect the outcome of the trial under governing law. *Id.* at 248, 106 S.Ct. 2505. In determining whether a material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. *Id.* at 261 n.2, 106 S.Ct. 2505. All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First Natl. Bank of Mt. Pleasant*, 595 F.2d 994, 996–97 (5th Cir.1979). The court may not weigh the credibility of the parties on summary judgment. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1531 (11th Cir.1987). If the determination of the case rests on which competing version of the facts or events is true, the case should be submitted to the trier of fact. *Id.*

The Rule 56 standard is not affected by the filing of cross motions for summary judgment: "The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered

in accordance with the Rule 56 standard." 10A CHARLES ALAN WRIGHT, ARTHUR MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2720 (3d ed.1998). Cross-motions may, however, be probative of the absence of a factual dispute where they reflect general agreement by the parties as to the controlling legal theories and material facts. *United States v. Oakley,* 744 F.2d 1553, 1555 (11th Cir.1984).

## III. DISCUSSION

### A. Applicable Rules of Construction

In construing an insurance contract, the "court must first examine the natural and plain meaning of [the] policy's language." *Key v. Allstate Ins. Co.,* 90 F.3d 1546, 1548–49 (11th Cir.1996). The court should read the insurance policy as a whole, and endeavor to give each provision its full meaning and operative effect. *Dahl–Eimers v. Mutual of Omaha Life Ins. Co.,* 986 F.2d 1379, 1381 (11th Cir. 1993). Where the existence or nonexistence of coverage is clear from the unambiguous terms of the policy, the court must give those terms the effect their plain meaning dictates. *See Key,* 90 F.3d at 1549.

If, however, the relevant policy language is susceptible to multiple reasonable interpretations, one providing coverage and another denying it, the insurance policy is ambiguous. *Dahl–Eimers,* 986 F.2d at 1381. If an insurance policy is ambiguous, the court must resolve the ambiguity against the drafter of the policy in favor of coverage. *Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non–Marine Assoc.,* 117 F.3d 1328, 1337 (11th Cir.1997). However, "Florida law cautions that courts must not add meaning to the terms of an insurance policy to create ambiguity where none exists." *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.,* 420 F.3d 1317, 1327 (11th Cir.2005).

### B. "Insured" and "Additional Insured"

It is clear from the plain language of the policy that G & G Laboratories is neither an "insured" nor an "additional insured" under Cutz' policy with Scottsdale Insurance. G & G Laboratories was Cutz' lessor and therefore does not fit within the definition of "insured" provided in Section II of the relevant policy parts. The "Beauty Parlor/Barber Shop Liability Application" filled out by Cutz to obtain the policy from Scottsdale Insurance indicates the parties' intent that "operator," as used in the definition of "additional insured," refers to practitioners at Cutz, such as Cutz barbers. The definition of "additional insured" as any "operator at 5050 Biscayne Blvd., Miami, FL 33137" therefore does not apply to G & G Laboratories merely because it considered 5050 Biscayne Blvd., Miami, FL 33137 to be its principal place of business.

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiff Scottsdale Insurance Company's Motion for Summary Judgment on Counts I, II, III, IV, V, and VI and Incorporated Memorandum of Law [D.E. 40] is **GRANTED** with respect to Counts IV, V, and VI, but **DENIED,** as moot, with respect to Counts I, II, and III. It is further

**ORDERED AND ADJUDGED** that Defendant G & G Laboratories, Inc.'s Motion for Summary Judgment as to Count IV [D.E. 41] is **DENIED.** It is further

**ORDERED AND ADJUDGED** that this action is **CLOSED** for administrative purposes and any pending motions are **DENIED** as moot.

**DONE AND ORDERED.**