## Robert TUCKER, Plaintiff,

### v.

## The CBE GROUP, INC., Defendant.

### Case No. 3:09–cv–134–J–25 MCR.

United States District Court,
M.D. Florida,
Jacksonville Division.

May 5, 2010.

Matthew William Kiverts, Michael Agruss, Jeffrey Spiegel, Krohn & Moss, Ltd., Theodore F. Greene, III, Law Offices of Theodore F. Greene, for Plaintiff.

David M. Schultz, Stephen Devereux Vernon, Glenn Banner, Hinshaw & Culbertson LLP, for Defendant.

## ORDER

HENRY LEE ADAMS, JR., District Judge.

This Case is before the Court on Defendant's Motion for Summary Judgment (Dkt. 19). Plaintiff has filed a response to the motion and Defendant has filed a reply.

## Background

Plaintiff Robert Tucker has an adult daughter, Stacey Tucker, who has several credit card accounts which have not been paid. Stacey Tucker lived with Robert Tucker for about 12 months at some point, probably in the last two to three years. (Tucker Depo. at 6–7).

One of Ms. Tucker's outstanding accounts was placed with Defendant CBE for collection in January of 2009. Shortly thereafter, CBE ran a Lexis Nexis Accurint for Collections search (Accurint) to locate a current telephone number for Ms. Tucker. An Accurint search uses an individual's unique personal identifiers (i.e. birth date and Social Security number) to pull information from various public and private databases in order to obtain a current telephone number for a particular individual. Because the search produced the same telephone number as that used by Plaintiff, CBE attempted to contact Ms. Tucker at that number. Those calls serve as the basis for Plaintiff's allegations in this case.

CBE has produced records showing it made fifty-seven calls to the relevant number but did not make more than seven calls on any given day. Defendant left six identical voice messages for Ms. Tucker during the relevant time period but never called the number back the same day after leaving a voice message. The voice messages stated the following:

> This message from the CBE Group is intended for Stacey Tucker. If you are not the identified recipient of this message, please hang up or disconnect. If you are the identified recipient of this message, please hold the line. <Two second pause>. By continuing to listen to this message, you acknowledge that you are Stacey Tucker. This is the CBE group. This is an attempt to collect a debt by a debt collector; any information obtained will be used for that purpose. Please contact me at 866–884–7575. Again the number is 866–884–7575.

At his deposition, Plaintiff Robert Tucker stated he understood from the voice messages that CBE was calling Stacey Tucker and knew that it was trying to collect a debt from her, not from him. (Tucker Depo. at 17). He also stated that he knew he was not responsible for debts owed by his daughter. (Id. at 18). Although not entirely clear, it appears Mr. Tucker never actually spoke to a CBE representative.

Defendant produced evidence that if it knew the relevant number was not a valid number for Ms. Tucker, it would have removed the number from its records and ceased further calls.

Plaintiff's complaint was filed under the Fair Debt Collection Practices Act (FDCPA),[1] 15 U.S.C. Section 1692 et seq. Although it contains only one Count, the

---

1. Indeed, it appears the same phone calls spawned two separate lawsuits. Plaintiff's counsel filed another case in this Court on behalf of Elissa Rhinehart, Stacey Tucker's mother and Stacey Tucker's "guardian" based, inter alia, on the calls made to Mr. Tucker.

As noted by Defendant, it appears that Plaintiff filed more than fifteen nearly identical lawsuits in 2009 alone.

Complaint alleges five distinct violations of the act:

a. Defendant violated § 1692d(5) of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse and harass Plaintiff.

b. Defendant violated § 1692e(2)(A) of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's alleged consumer debt because Plaintiff does not owe the debt.

c. Defendant violated § 1692e(10) of the FDCPA by using false and deceptive means in an attempt to collect a debt from Plaintiff because Plaintiff does not owe the debt alleged by Defendant.

d. Defendant violated § 1692f(1) of the FDCPA by attempting to collect a debt that is not authorized by the agreement because Plaintiff does not owe the debt.

e. Defendant violated § 1692g(a)(1–5) by failing to provide appropriate notice of the debt within 5 days after the initial communication. . . .

Plaintiff seeks statutory damages, actual damages, costs, fees, and a declaratory judgment.

## Standard[2]

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Issues are genuine if a reasonable jury could find for the non-movant and facts are material if they can affect the outcome. *Scottsdale Ins. Co. v. Cutz, LLC*, 543 F.Supp.2d 1310, 1313 (S.D.Fla.2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. Once the moving party has discharged its burden, the non-moving party must designate specific facts showing that there is a genuine issue of material fact. All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Id.* The Court may not weigh the credibility of the parties on summary judgment. *Id.*

## Analysis

*Sections 1692e(2)(A), 1692e(10), and 1692f(1)-Attempting to collect a debt not owed*

 Plaintiff's Complaint maintains that Defendant violated Sections 1692e(2)(A), 1692e(10), and 1692f(1) by attempting to collect a debt he did not owe. However, as Defendant notes, Plaintiff acknowledged that the voice messages explicitly stated that they were intended for his daughter, Stacey Tucker. (Tucker Depo at p. 2). Further, Plaintiff testified that he *knew* that Defendant was not attempting to collect a debt from him. (*Id.* at p. 9).[3] Accordingly, Plaintiff's deposi-

---

**2.** Most internal citations and quotation marks will be omitted in this Order.

**3.** Ordinarily, the least sophisticated debtor standard would be used to determine whether a violation of Section 1692(e) existed. *Brown v. Card Service Center*, 464 F.3d 450, 453 (3rd Cir.2006); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir.1985)("[W]e hold that claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more sus-

ceptible to harassment, oppression, or abuse.")

Courts have interpreted the least sophisticated consumer standard in a way that protects debt collectors from liability for unreasonable misinterpretations. The least sophisticated consumer can be presumed to possess a "rudimentary amount of information about the world." *Johnson v. NCB Collection Services*, 799 F.Supp. 1298, 1306–07 (D.Conn.1992) Here, even if Plaintiff did not admit that he knew CBE was not attempting to collect a

tion testimony appears to contradict the Complaint's allegations that CBE was attempting to collect a debt from him.

In addition, Defendant notes that Plaintiff fails to identify any false representation that CBE made, as required to prove a violation of Section 1692e(2)(A) and 1692e(10) of the FDCPA. Nor has Plaintiff identified any deceptive means used by CBE, as needed to prove a violation of Section 1692e(10). Plaintiff also fails to explain how the volume of relevant calls demonstrates a violation of these Sections.

The Court finds that CBE's voice messages clearly identified Stacey Tucker as the intended recipient of the messages and were otherwise factually accurate. Plaintiff has failed to identify any false representation or deceptive means used by CBE in an attempt to collect a debt. The Court finds that Plaintiff has failed to demonstrate any violation of the three Sections of the FDCPA listed previously. *Section 1692d(5)-causing a phone to ring repeatedly and continuously with the intent to annoy, abuse, and harass.*

As to Section 1692d(5) of the FDCPA, Plaintiff alleges that Defendant violated this Section by noting the frequency of the calls. *Joseph v. J.J. Mac Intyre Companies, LLC.,* 238 F.Supp.2d 1158, 1168–69 (N.D.Cal.2002) (volume and pattern of calls created issue of fact as to Section 1692d(5) claims). Plaintiff also cites *Kuhn v. Account Control Tech., Inc.,* 865 F.Supp. 1443, 1453 (D.Nev.1994) (granting summary judgment in plaintiff's favor on Section 1692d(5) claim based on timing of calls).[4]

The Court notes that Plaintiff's cited cases are factually distinguishable from the instant case. In *Joseph,* the Defendant collection agency made more than 200 calls over a nineteen month period despite the fact that Plaintiff had begun making $50 monthly payments towards her debt. The Court also noted that many of the calls in *Joseph* were made shortly after voice contact in which plaintiff requested the calls cease. In *Kuhn,* the Court found the collector harassed Plaintiff in violation § 1692d(5) when, after Plaintiff hung up on a prior call, Defendant recalled Plaintiff's place of employment two additional times within a five minute period. *Kuhn,* 865 F.Supp. at 1453.

■ In sum, Plaintiff has not demonstrated that CBE engaged in oppressive conduct such as repeatedly making calls after it was asked to cease. Notably, Defendant never even spoke to Plaintiff; Defendant was not notified that it could not reach Stacey Tucker at the relevant telephone number and Plaintiff did not request that CBE cease calling.

While the number of calls made during the relevant time period does seem somewhat high, Defendant only left a total of six messages, made no more than seven calls in a single day, and did not call back the same day after leaving a message. The evidence demonstrates that CBE placed each of its telephone calls with an intent to reach Stacey Tucker rather than an intent to harass Plaintiff.

Thus, the circumstances here do not constitute a violation of Section 1692d(5) as a matter of law. Because the Court finds

debt from him, the Court would find that he failed to prove a violation of the relevant Sections. This is because the least sophisticated consumer would not have believed that he was legally obligated to pay a debt incurred by his daughter as a result of Defendant's voice messages.

4. Plaintiff also cites *Akalwadi v. Risk Man. Alternatives,* 336 F.Supp.2d 492 (D.Md.2004). However, in that case the record was unclear as to whether the telephone messages reflected an erroneous amount of debt. The record was also unclear regarding how many messages were left for the debtor. *Id.* at 506

that Defendant did not violate this Section, the Court need not discuss Defendant's bona fide error defense.[56]

*Section 1692(g)-Written validation notice requirement*

As to Section 1692(g), Plaintiff concedes he is not a consumer and thus this Count is dismissed.

*Declaratory Judgment*

As to the declaratory judgment requested, Plaintiff admits the request was improper and therefore withdraws it.

The Court need not examine other portions of Plaintiff's prayer for relief because the Court has determined that Defendant did not violate the FDCPA.

**Sanctions**

**Bad Faith under Section 15 U.S.C. 1692k(a)(3)**

Defendant argues that Plaintiff and his attorneys brought this case in bad faith and for the purpose of harassment without any basis for the Complaint's allegations. Defendant notes the following, *inter alia* :(1) Plaintiff's deposition testimony clearly contradicts the Complaint's three separate allegations that CBE was attempting to collect a debt from him; (2) it appears that Plaintiff allowed the telephone calls to accumulate specifically for the purpose of filing this lawsuit; (Tucker

Depo. at 11–12, 23) [7] and, (3) Plaintiff may have intentionally omitted "Stacey" from his articulation of the voice mail message in an effort to demonstrate that Defendant did not clearly identify he was not the intended recipient of the messages.

More important, despite the fact that Plaintiff's Complaint alleges five different violations of the FDCPA, Plaintiff only had one legally plausible claim, that Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse and harass, a violation of § 1692d(5) of the FDCPA. Indeed, it appears that the rest of the Complaint is comprised of boilerplate allegations and requests for types of relief that could not possibly apply to the instant case.

What is especially troubling is that Plaintiff's counsel failed to dismiss *any* of these claims when it became clear during discovery that they had no factual basis whatsoever, forcing Defendant to file a summary judgment motion.[8] Thus, this Court finds that this is one of the rare cases where sanctions are justified.

28 U.S.C. Section 1927, in full, provides, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so *multiplies* the proceedings in any case *unreasonably and vexatiously* may be re-

---

5. The bona fide error defense is used when the Defendant demonstrates that reasonable procedures are in place to prevent errors; the procedures need not be foolproof. 15 U.S.C. § 1692k(c); see also *Kort v. Diversified Collection Services, Inc.*, 394 F.3d 530, 538–39 (7th Cir.2005) (FDCPA does not require debt collectors to take every conceivable precaution to avoid errors, but only requires reasonable procedures).

6. Plaintiff notes that his answering machine recording is a male voice speaking in the first person. However, Plaintiff provides no transcript of the recording. Further, Plaintiff does not cite case law that demonstrates that this, without more, put Defendant on notice

that Ms. Tucker could not be reached at the relevant number.

7. Mr. Tucker chose his firm because they are "a major law firm and they had a 100 percent settlement record." (Tucker Depo. at 13).

8. Further, Plaintiff admitted in his deposition that his daughter did live with him for several months in the relatively recent past; it appears that the telephone number was not a wholly incorrect number for Defendant to call. It also appears that Plaintiff did not attempt to stop or reduce the calls by informing the creditors that his daughter no longer lives at his home.

quired by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct" (emphasis added).

Rule 11, Fed.R.Civ.P., requires a plaintiff to certify that "to the best of [his] knowledge, information, and belief" his or her "factual contentions have evidentiary support." Fed.R.Civ.P. 11(b).

■ "[T]hree types of conduct warrant Rule 11 sanctions: (1) when a party files a pleading that has *no reasonable factual basis;* (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Anderson v. Smithfield Foods, Inc.,* 353 F.3d 912, 915 (11th Cir.2003). The standard for testing conduct under Rule 11 is reasonableness under the circumstances. *Id.*

■ Further, "[sanctions are warranted when a party exhibits a deliberate indifference to obvious facts, but not when the party's evidence to support a claim is merely weak.]" *Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1294 (11th Cir. 2002)

■ Rule 11 obligations are not measured solely at the time of filing because a party or counsel has a continuing obligation to advise the court of any changes regarding the veracity of information before the court. *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997) (per curiam). As stated by the Eleventh Circuit, "[w]hen it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest." *Avirgan v. Hull,* 932 F.2d 1572, 1582 (11th Cir.1991).

■ Here, the Court finds that Plaintiff and his attorney multiplied the proceedings in this case unreasonably and vexatiously and exhibited a deliberate indifference to obvious facts. Indeed, Plaintiff verified a claim with multiple allegations that contradicted his own deposition testimony.

Further, when it become apparent that discoverable evidence would not bear out the majority of the Complaint's claims, Plaintiff and his attorney failed in their duty to discontinue their quest. In sum, the discovery in this case, namely Plaintiffs own deposition testimony, demonstrated that CBE did *not* falsely represent the character, amount, or legal status of a debt, did *not* use false and deceptive means in an attempt to collect a debt, did *not* attempt to collect a debt that was not authorized by an agreement and did *not* fail to provide appropriate notice of the debt. Instead, it appears that Plaintiff simply signed another boilerplate Complaint regarding the calls he is receiving from multiple creditors regarding his daughter's debts.

Even more troubling, Plaintiff's counsel, an officer of the Court, filed a complaint wherein a majority of the allegations had no basis in fact and then failed to dismiss any of these allegations, or requests for relief, until a summary judgment motion was filed.

Accordingly, the Court finds that Defendant is entitled to recover attorneys fees from Plaintiff and his attorney for work done on all of the claims in this case with the exception of the claim under Section 1692d(5)(causing a phone to ring repeatedly and continuously with the intent to annoy, abuse, and harass). If Defendant is not able to break down its fees in this way, it will be entitled to recover five-sevenths of the reasonable fees incurred to defend this case; four of the five alleged violations of the FDCPA were wholly without merit and the declaratory judgment request also lacked merit.

Further, Plaintiff and Plaintiff's counsel are admonished that the Court expects Parties and their counsel to follow the rules of civil procedure in the future. Accordingly, it is **ORDERED:**

Defendant's Motion for Summary Judgment (Dkt.19) is **GRANTED;** the clerk is directed to enter judgment in favor of Defendant and against Plaintiff. Defendant may file a properly supported motion for reasonable fees, to be paid by Plaintiff and his counsel, in the next **thirty days.**