**Eddie DUNNING, Plaintiff,**

v.

**PORTFOLIO RECOVERY ASSOCIATES, LLC, Defendant.**

**Case No. 11–62080–CIV.**

United States District Court, S.D. Florida.

Nov. 9, 2012.

Shireen Hormozdi, Krohn & Moss, Ltd., Los Angeles, CA, for Plaintiff.

Robert Eric Sickles, Zachary Adam Harrington, Hinshaw & Culbertson, Tampa, FL, for Defendant.

## ORDER GRANTING IN PART AND DE-NYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDG-MENT

WILLIAM P. DIMITROULEAS,
District Judge.

THIS CAUSE is before the Court upon Defendant Portfolio Recovery Associates, LLC's Motion for Summary Judgment [DE 26]. The Court has carefully considered the Motion, Plaintiff Eddie Dunning's Response [DE 33], Defendant's Reply [DE 40], and is otherwise fully advised in the premises.

## I. BACKGROUND

On September 21, 2011, Plaintiff Eddie Dunning ("Plaintiff" or "Dunning") brought this action against Defendant Portfolio Recovery Associates, LLC, alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Plaintiff filed an Amended Complaint [DE 16] on March 23, 2012. The Court has federal question jurisdiction over Plaintiff's FDCPA claim. *See* 28 U.S.C. § 1331. The one-count Verified First Amended Complaint alleged that Plaintiff is a natural person who resides in Pembroke Pines, Broward County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3). *See* [DE 16] at ¶ 5. It also alleged that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). ¶ 8.

Plaintiff alleged that since approximately June 2011, Defendant constantly and continuously placed collection calls from various numbers to Plaintiff, up to four times per day, regarding an alleged debt, and that Defendant continued to call Plaintiff despite Plaintiff's repeated requests that Defendant stop calling. ¶¶ 9–12. Accordingly, Plaintiff alleged that Defendant violated § 1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff, and that Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff. *See* [DE 16] at

¶¶ 16(b), (c). Plaintiff also alleged that Defendant violated § 1692c(a)(2) of the FDCPA by contacting Plaintiff after being notified on August 21, 2011 that he was represented by counsel. *See* [DE 16] at ¶¶ 13, 14, 16(a). Plaintiff seeks statutory damages of $1,000.00 and costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k. ¶¶ 17, 18.

## II. UNDISPUTED MATERIAL FACTS

Defendant called Plaintiff between 50 and 100 times in 2011, and not more than 20 times in 2012. (Defendant's Statement of Material Facts ("DSOMF") at ¶ 1); Plaintiff's Statement of Material Facts ("PSOMF") at ¶ 1; (Dunning Dep. 18:10–18). At all times relevant to this action, Plaintiff's residence telephone number was 954–404–9256. DSOMF at ¶ 2; PSOMF at ¶ 2; (Dunning Dep. 15:17). Plaintiff has maintained multiple telephone numbers through Comcast. DSOMF at ¶ 3; PSOMF at ¶ 3; (Dunning Dep. 17:1; 15:1–25; 16:1–24). Plaintiff changed his phone number with Comcast multiple times. *Id.* Comcast has maintained electronic records regarding Plaintiff's call histories on two telephone numbers that he had between June, 2011 and January, 2012. DSOMF at ¶ 4; PSOMF at ¶ 4; (Comcast Dep. 5:5–14, 25; 6:1–25; 7:1). These electronic records of calls were furnished at Comcast's deposition and supplemented afterward. DSOMF at ¶ 5; PSOMF at ¶ 5; (Comcast Dep. *Exhibit 1* and Affidavit of Comcast dated 9/12/12). Defendant has no record of actually speaking with Plaintiff regarding his outstanding debts. DSOMF at ¶ 6; PSOMF at ¶ 6; (Privette Affidavit ¶ 3). Plaintiff claims that he spoke with Portfo-

lio representatives over the telephone on nine or ten occasions. DSOMF at ¶ 7; PSOMF at ¶ 7; (Dunning Dep. 20:10–13; 21:10, 14–16; 25:9–11, 17). Plaintiff testified that he did not speak to any Portfolio representatives after July of 2011, and that he not answered any calls from Defendant since that time. DSOMF at ¶ 8; PSOMF at ¶ 8; (Dunning Dep. 29:12–14).

Plaintiff has four pages of call log notes relating to Portfolio. DSOMF at ¶ 9; PSOMF at ¶ 9; (Dunning Dep. 17:13–18). The notes identified by Plaintiff during his deposition were furnished by counsel after the deposition. DSOMF at ¶ 10; PSOMF at ¶ 10; (Declaration of Robert E. Sickles containing Plaintiff's notes produced in discovery as *Exhibit A* ). These notes begin on August 3, 2011. *Id.* Plaintiff personally maintained these notes and records regarding Defendant's calls. DSOMF at ¶ 11; PSOMF at ¶ 11; (Dunning Dep. 17:3–5). Plaintiff testified that details regarding his alleged phone conversations with Defendant have been recorded in these notes. DSOMF at ¶ 12; PSOMF at ¶ 12; (Dunning Dep. 6:10–25; 7:1–16).

On August 3, 2011, Plaintiff's notes state that he received two (2) phone calls from the phone number 847–994–2545. DSOMF at ¶ 13; PSOMF at ¶ 13; (Sickles Declaration *Exhibit A* ). Plaintiff's Comcast phone records state that he received two (2) calls on August 3, 2011, neither of which from the phone number 847–994–2545. DSOMF at ¶ 14; PSOMF at ¶ 14 [1]; (Comcast Dep. Exhibit and Affidavit).

On August 8, 2011, Plaintiff's notes state that he received two calls from the phone number 847–994–2550, one at 8:31 a.m.

---

1. Plaintiff disputes that the Comcast records *establish* that he received two (2) calls on August 3, 2011, neither of which were from the phone number 847–994–2545, as he contents that Plaintiff's call log notes directly

contradict this. However, Plaintiff does not dispute that the Comcast records *state* that he received two (2) calls on August 3, 2011, neither of which were from the phone number 847–994–2545. *See* PSOF at ¶ 14.

lasting 32 seconds, and the other at 8:33 a.m. lasting for nine seconds. DSOMF at ¶ 15; PSOMF at ¶ 15; (Sickles Declaration *Exhibit A* ). Plaintiff's Comcast phone records state that he only received a total of two phone calls on August 8, 2011, that the first was received at 5:05 p.m., that the second was received at 6:39 p.m., and that neither call was from the phone number 847–994–2550. DSOMF at ¶ 16; PSOMF at ¶ 16 [2].

On August 13, 2011, Plaintiff's notes state that he received five incoming calls. DSOMF at ¶ 19; PSOMF at ¶ 19; (Sickles Declaration *Exhibit A* ). Plaintiff's Comcast phone records state that Plaintiff received no incoming phone calls on August 13, 2011. DSOMF at ¶ 20; PSOMF at ¶ 20 [3].

On August 15, 2011, Plaintiff's notes state that he received four calls from the phone number 847–994–2545, the first being at 8:01 a.m., and the last at 10:04 a.m. DSOMF at ¶ 21; PSOMF at ¶ 21; (Sickles Declaration *Exhibit A* ). Plaintiff's Comcast phone records state that he did not receive a call from the phone number 847–994–2545 on August 15, 2011, and that every call he received that day was after

11:00 a.m. DSOMF at ¶ 22; PSOMF at ¶ 22 [4].

On Sunday, August 21, 2011 at 4:00 p.m., counsel for Plaintiff sent an email containing a pre-litigation draft Complaint to Portfolio's Legal Department. DSOMF at ¶ 23; PSOMF at ¶ 23; (Privette Affidavit ¶ 5). The draft Complaint referenced only Eddy Dunning. DSOMF at ¶ 24; PSOMF at ¶ 24; (Privette Affidavit ¶ 6). On Monday, August 22, 2011, at 8:24 a.m., Portfolio attempted to contact Plaintiff by calling the telephone number 954–404–9256. (Privette Affidavit ¶ 7) [5].

Upon learning of attorney representation of an individual, Portfolio has a policy that the account is supposed to be noted and calls to the represented individual are supposed to be stopped. DSOMF at ¶ 26; (Privette Affidavit ¶ 8). [6] On Monday, August 22, 2011 at 10:03 a.m., the Legal Department noted counsel's representation of Plaintiff. DSOMF at ¶ 27; (Privette Affidavit ¶ 9). [7]

Between August 23, 2011 and the date that Plaintiff filed his First Amended Complaint, March 23, 2012, Portfolio has not attempted to contact Plaintiff in connection with the collection of his outstanding debts. DSOMF at ¶ 28; (Privette Affidavit ¶¶ 10–11). [8]

---

**2.** *See* fn. 1.

**3.** *See* fn. 1.

**4.** *See* fn. 1.

**5.** Defendant also asserts that it was unaware of the e-mail at the time it contacted Plaintiff of August 22, 2011, and that that contact was attempted notwithstanding the maintenance of procedures reasonably adapted to avoid such an error. *See* DSOF at ¶ 25.

**6.** Plaintiff offers no facts to dispute that Portfolio has such a policy. Rather, Plaintiff "disputes" the asserted undisputed fact that Portfolio has this policy because Plaintiff maintains that Portfolio contacted Plaintiff af-

ter being informed that Plaintiff was being represented by counsel. *See* PSOF at ¶ 26.

**7.** Plaintiff offers no facts to dispute that Portfolio's Legal Department noted counsel's representation of Plaintiff on Monday, August 22, 2011 at 10:03 A.M. Rather, Plaintiff "disputes" this asserted undisputed fact because Plaintiff maintains that Portfolio contacted Plaintiff after being informed that Plaintiff was being represented by counsel. *See* PSOF at ¶ 27.

**8.** Plaintiff "disputes" that between August 23, 2011 and March 23, 2012, Portfolio has not attempted to contact Plaintiff in connection with the collection of his outstanding debts. *See* PSOMF at ¶ 28. However, Plaintiff merely realleges that it is his position that Defen-

From August 27, 2011 to October 30, 2011, Portfolio placed calls to the telephone number 954–404–9256 in an attempt to contact Anna Dunning in connection with the collection of her individual outstanding account balances. DSOMF at ¶ 29; (Privette Affidavit ¶ 12) [9]. Anna Dunning was personally obligated to pay several outstanding debts, independent of Plaintiff. DSOMF at ¶ 29, n. 2; (Dunning Dep. 38:25; 39:1). Plaintiff resides with Anna Dunning, and has been married to her for over nine years. DSOMF at ¶ 30; PSOMF at ¶ 30; (Dunning Dep. 11:19; 12:18). All of Plaintiff's outstanding account balances that were placed with Portfolio for collection were held solely in Plaintiff's name, and were not jointly held by Plaintiff and Anna Dunning. DSOMF at ¶ 31; PSOMF at ¶ 31; (Dunning Dep. 29: 23–25; 30:1). Anna Dunning has never spoken with a Portfolio representative. DSOMF at ¶ 32; PSOMF at ¶ 32; (Dunning Dep. 29:15–17).

Beginning January 10, 2012, Portfolio placed calls to the telephone number 954–404–9256 in an attempt to contact Ronald Royer in connection with the collection of his individual outstanding account balances. DSOMF at ¶ 33; (Privette Affidavit ¶ 12). [10]

On January 17, 2012, Plaintiff changed his telephone number from 954–404–9256.

DSOMF at ¶ 34; PSOMF at ¶ 34; (Comcast records).

## III. DISCUSSION

### A. Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and any doubts in this regard should be resolved against the moving party, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548. To discharge this burden, the movant must point out to

---

dant contacted Plaintiff after being informed that Plaintiff was being represented by counsel, citing to the allegations of his Amended Complaint. *See* PSOF at ¶ 28.

**9.** Plaintiff "disputes" that Portfolio was attempting to contact Anna Dunning in connection with the collection of her individual outstanding account balances. However, Plaintiff merely asserts that he "is not in a position to ascertain to whom Defendant intended to direct its phone calls, but can only state that Defendant contacted Plaintiff after being informed that Plaintiff was being represented by counsel," citing to the allegations

of his Amended Complaint. *See* PSOF at ¶ 29.

**10.** Plaintiff "disputes" that Portfolio was attempting to contact Ronald Royer in connection with the collection of his individual outstanding account balances. However, Plaintiff merely asserts that he "is not in a position to ascertain to whom Defendant intended to direct its phone calls, but can only state that Defendant contacted Plaintiff after being informed that Plaintiff was being represented by counsel," citing to the allegations of his Amended Complaint. *See* PSOF at ¶ 33.

the Court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. 2548. After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). According to the plain language of Fed.R.Civ.P. 56(e), the non-moving party "may not rely merely on allegations or denials in its own pleadings," but instead must come forward with "specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e); *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990).

## B. Defendant's Motion for Summary Judgment

Defendant filed the instant motion for summary judgment as to all three of Plaintiff's causes of action for violations of the FDCPA. In its motion, Defendant argues that the undisputed facts demonstrate that Defendant's actions did not rise to actionable harassment under § 1692d and § 1692d(5) of the FDCPA, but even if they did, Defendant is not liable because its actions would constitute bona fide errors. Additionally, Defendant argues that it is entitled to summary judgment on Plaintiff's claim for violation of § 1692c(a)(2) prohibiting calls after a party is represented by counsel because Defendant made calls to Plaintiff's number in connection with the collection of other's individual debts, not in connection with Plaintiff's debt for which he was represented by counsel, and any call made to Plaintiff's number in connection with Plaintiff's debt would constitute bona fide error.

### 1. Alleged violations of § 1692d and § 1692d(5)

■ The FDCPA contains a provision related to harassing or abusive conduct by debt collectors. In this case, Plaintiff has alleged that Defendant violated both § 1692d and § 1692d(5). *See* [DE 16] at ¶¶ 16(b), 16(c). The FDCPA at § 1692d states as follows: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Additionally, section 1692d(5) specifically prohibits debt collectors from repeatedly or continuously calling any person with the intent to annoy, abuse, or harass that person. One court has defined "repeatedly" as "calling with excessive frequency under the circumstances." *Druschel v. CCB Credit Serv., Inc.*, 2011 WL 2681637 *5 n. 10 (M.D.Fla. Jun. 14, 2011).

The Court finds the parties' dispute about the accuracy of Plaintiff's call logs compared to the Comcast records to be a red herring in this case with regard to the volume of Defendant's calls. The parties agree that Defendant called Plaintiff between 50 and 100 times in 2011, and not more than 20 times in 2012. *See* DSOMF at ¶ 1; PSOMF at ¶ 1.

Plaintiff alleged in his amended complaint that since approximately June 2011, Defendant called Plaintiff up to four times per day, called Plaintiff from various numbers, and continued to call Plaintiff after Plaintiff asked Defendant to stop calling. The Court finds that, based upon the evidence presented in the record, there is a genuine issue of fact regarding whether anyone from Portfolio ever actually spoke to Plaintiff in connection with collecting his debts and, if so, over the substance of the

communication. Plaintiff testified at his deposition that he spoke with Portfolio representatives over the telephone on nine or ten occasions. DSOMF at ¶ 7; PSOMF at ¶ 7; (Dunning Dep. 20:10–13; 21:10, 14–16; 25:9–11, 17). Plaintiff also testified at his deposition that, after Plaintiff requested that Defendant cease communication, Defendant placed more than eighteen phone calls to Plaintiff. (Dunning Dep. 35:18–22; Affidavit of Eddie Dunning at ¶ 9). Plaintiff testified at his deposition that, during a phone conversation, Defendant's representative "got very rude" and "was, like, a sergeant to me." (Dunning Dep. 21:22–23; 23:11–12). However, Defendant has no record of actually speaking with Plaintiff. DSOMF at ¶ 6; PSOMF at ¶ 6; (Privette Affidavit ¶ 3).

Plaintiff maintains that it has presented evidence sufficient to create a fact issue for the jury as to the harassing nature of Defendant's calls. Plaintiff relies upon *Valentine v. Brock & Scott, PLLC,* 2010 WL 1727681, *5 (D.S.C. April 26, 2010) (allegation that defendant called plaintiff 11 times over a period of 19 days, with two of those calls occurring on the same day, sufficient to withstand motion to dismiss plaintiff's § 1692d(5) claim); *Bingham v. Collection Bureau, Inc.,* 505 F.Supp. 864 (D.C.N.D.1981) (a single recall by debt collector after plaintiff hung up phone constituted harassment under § 1692d). Additionally, Plaintiff cites cases demonstrating that a debt collector's continued calls following a verbal demand to cease calling may violate § 1692(d). *See, e.g., Pratt v. CMRE Financial Services, Inc.,* 2012 WL 86957, *3 (E.D.Mo. Jan. 11, 2012) (holding that intent to harass "may be inferred by evidence that the debt collector continued to call after being asked not to call.") (citing cases holding same). Plaintiff also correctly notes that intent to annoy, abuse, or harass may be inferred from the substance of calls received from the debt collector. *See, e.g., Dudis v. Mary Jane M.*

*Elliott, P.C.,* 2012 WL 3150821, *3 (E.D.Mich. Aug. 02, 2012).

Defendant, on the other hand, argues that the volume of calls to Plaintiff in this case is insufficient as a matter of law to constitute harassment under § 1692d and § 1692d(5). Defendant relies heavily on three unreported cases from the Middle District of Florida: *Waite v. Financial Recovery Services, Inc.,* 2010 WL 5209350 (M.D.Fla. Dec. 16, 2010) (granting summary judgment in favor of debt collector who made 132 collection calls to plaintiff over nine month period, unaccompanied by any other egregious conduct evincing an intent to harass, annoy, or abuse); *Tucker v. CBE Group, Inc.,* 710 F.Supp.2d 1301 (M.D.Fla. May 05, 2010) (granting summary judgment in favor of debt collector who made fifty-seven calls to plaintiff, where there was no demonstration of oppressive conduct such as repeatedly making calls after it was asked to cease, nor was there a verbal request to cease calling); and *Druschel v. CCB Credit Services, Inc.,* 2011 WL 2681637 (M.D.Fla. June 14, 2011) (recommending summary judgment in favor of debt collector who called debtor fourteen times within two weeks).

Defendant's argument is misplaced, as it is directed at the call volume, and disregards the remainder of the Plaintiff's contentions in this action that Defendant engaged in harassment through the content of its calls to Plaintiff, and by continuing to call him multiple times after Plaintiff asked Defendant ten times to stop calling. Rather, the Court finds that Plaintiff has presented sufficient evidence to create a fact issue for the jury as to the harassing nature of Defendant's calls. Defendant called Plaintiff between 50 and 100 times in 2011, and not more than 20 times in 2012. There are genuine issues of material facts regarding whether any representative of Defendant spoke to Plaintiff, what

Defendant's representatives said to Plaintiff, whether Plaintiff repeatedly requested that Defendant cease communication, and whether Defendant continued to call Plaintiff after Plaintiff repeatedly requested that Defendant cease calling him. *See Meadows v. Franklin Collection Service,* 414 Fed.Appx. 230 (11th Cir.2011) (reversing district court's grant of summary judgment for debt collector and finding that evidence, in a light most favorable to plaintiff, created genuine issues of material fact on whether debt collector violated § 1692d). Further, even if a bona fide error defense was possible under the circumstances presented in this case, that would also involve factual issues for the jury. Accordingly, the Court will deny Defendant's motion for summary judgment as to Plaintiff's claims for alleged violations of § 1692d and § 1692d(5).

### 2. *Alleged violation of § 1692c(a)(2)*

The FDCPA contains a provision related to contact with debtors represented by counsel. The FDCPA at § 1692c(a)(2) states as follows:

(a) Communication with the consumer generally

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

. . .

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a rea-

sonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

*See* 15 U.S.C. § 1692c(a)(2).

■ Here, it is undisputed that on Sunday, August 21, 2011 at 4:00 p.m., counsel for Plaintiff sent an email containing a pre-litigation draft Complaint to Portfolio's Legal Department. The draft Complaint referenced only Eddy Dunning. It is also undisputed that on Monday, August 22, 2011, at 8:24 a.m., Portfolio attempted to contact Plaintiff by calling the telephone number 954–404–9256.

Upon learning of attorney representation of an individual, Portfolio has a policy that the account is supposed to be noted and calls to the represented individual are supposed to be stopped.[11] Portfolio's collections department could not reasonably be expected to "know" of Plaintiff's email from the Sunday afternoon before a Monday morning phone call. Defendant has presented competent evidence that on Monday, August 22, 2011 at 10:03 a.m., the Defendant's legal department noted counsel's representation of Plaintiff and that between August 23, 2011 and the date that Plaintiff filed his First Amended Complaint, March 23, 2012, Defendant has not attempted to contact *Plaintiff* in connection with the collection of *his outstanding debts.* DSOMF at ¶¶ 27, 28; (Privette Affidavit ¶¶ 9–11). Section 1692c(a)(2) precludes communication by a debt collector with a debtor where the debt collector knows that the debtor is represented by counsel "with respect to such debt." *See Graziano v. Harrison,* 950 F.2d 107, 113 (3rd Cir.1991). Plaintiff testified that he did not speak to any Portfolio representa-

---

11. Plaintiff offers no facts to dispute that Portfolio has such a policy. Rather, Plaintiff "disputes" the asserted undisputed fact that Portfolio has this policy because Plaintiff maintains that Portfolio called him after being informed that Plaintiff was being represented by counsel. *See* PSOF at ¶ 26.

tives after July of 2011, and that he has not answered any calls from Defendant since that time, thereby Plaintiff cannot contradict Defendant's evidence establishing that no calls were placed to Plaintiff's residence after August 22, 2011 that were in connection with the collection of *Plaintiff's* debts, but rather that calls were made in connection with the collection of independent debts of Anna Dunning and Ronald Royer.

Moreover, as to the phone call to Plaintiff on Monday, August 22, 2011, at 8:24 a.m., Plaintiff cannot contradict Defendant's evidence that it did not know that Plaintiff was represented by counsel at the time of the phone call, nor would it be reasonable for Defendant to have such knowledge at 8:24 a.m. on a Monday morning, following a Sunday afternoon email.[12] Therefore, summary judgment in Defendant's favor on Plaintiff's claim for violation of § 1692c(a)(2) is appropriate.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Portfolio Recovery Associates, LLC's Motion for Summary Judgment [DE 26] is hereby **GRANTED IN PART AND DENIED IN PART** as follows:

2. Summary judgment is hereby **GRANTED** in favor of Defendant and against Plaintiff on Plaintiff's claim for violation of § 1692c(a)(2);

3. Defendant's motion for summary judgment as to Plaintiff's claims for

alleged violations of § 1692d and § 1692d(5) is hereby **DENIED.**

---

**12.** Additionally, even if Defendant was on notice before placing this single call, it would nonetheless constitute a bona fide error under § 1692k(c) in light of the timing of the e-mail notice. *See, e.g., Smith v. Transworld Systems, Inc.,* 953 F.2d 1025, 1031 (6th Cir.1992) (mailing a computer-generated letter one day after receiving notice of representation constituted bona fide error).