[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 11, 2006
THOMAS K. KAHN
CLERK

No. 05-16916
Non-Argument Calendar
_____

D. C. Docket No. 02-00215-CV-WLS-1

JAMES LINGO,

Plaintiff-Appellant,

versus

CITY OF ALBANY DEPARTMENT OF
COMMUNITY & ECONOMIC DEVELOPMENT,
JOHNNY HAMILTON,
B. SAMUEL ENGRAM, Individually and
in his official capacity as
attorney for the Department of
Community and Economic Development,
B. SAMUEL ENGRAM, JR., P.C.,
JANICE ALLEN JACKSON, Individually
and in her official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

**(Septemer 11, 2006)**

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

James Lingo, proceeding pro se, appeals the district court's grant of summary judgment in favor of the City of Albany Department of Community and Economic Development and Janice Jackson, who is the City Manager. Lingo brought various claims against those defendants based on a loan agreement he entered with the City. We affirm.

In 1996 Lingo, a small business owner, participated in the City's Enterprise Community Micro-Business Development Financial and Technical Assistance Program, which made a $25,000 loan to him in order to help him develop his pest control business. The repayment was to be made in installments through November 1, 2001. Lingo executed a promissory note with a security deed on the property where the business was located. After Lingo failed to pay the loan, the City foreclosed on the loan and the property and purchased at public sale the outstanding interest in the property.

After that, Lingo brought claims under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602, and the Federal Trade Commission Act, 15 U.S.C. § 56. The district court granted summary judgment in favor of the defendants on all of Lingo's claims. This appeal followed.

As best we can determine from his appellate briefs, Lingo raises five issues on appeal. He contends that: (1) the City withheld unidentified documents that would have proved that it had intentionally denied benefits to him in violation of Title VI; (2) his debt is covered by the Fair Debt Collection Practices Act because it was actually a consumer loan rather than a business loan; (3) he had a valid claim under the Real Estate Settlement Procedures Act because the servicing agency for his loan was a federally insured bank; (4) his claim was not barred under the Federal Trade Commission Act because he had filed a claim with the Federal Trade Commission in 2001; and (5) there was a mistake in the district court's order because he also alleged a violation of the Georgia Fair Business Practices Act, which was related to his Fair Credit Reporting Act or his Fair Debt Collection Practice claim, or both.

We review a district court's grant of summary judgment de novo, viewing

all of the facts in the light most favorable to the non-moving party. Pipkins v. City of Temple Terrace, Fla., 267 F.3d 1197, 1199 (11th Cir. 2001).

Lingo first contends that the district court erred in granting summary judgment in favor of the defendants on his Title VI claim. He makes some vague assertions that the City withheld pertinent documents from him during the discovery process. Those unsupported allegations are not enough to establish a genuine issue of material fact.

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, "prohibits any recipient of federal financial assistance from discriminating on the basis of race, color, or national origin in any federally funded program." Burton v. City of Belle Glade,178 F.3d 1175, 1202 (11th Cir. 1999). To state a claim under Title VI, "a plaintiff must establish discriminatory intent." Id. (emphasis in original). The record supports the district court's finding that Lingo produced no evidence that he was discriminated against based on his race. Lingo was not denied funds; he was granted a loan for $25,000. He makes only conclusory assertions that the defendants violated Title VI. The district court did not err in granting summary to the defendants on Lingo's Title VI claim.

Next Lingo contends that his debt is covered by the Fair Debt Collection Practices Act because it was a consumer loan rather than a business loan. Under

4

that statute "[t]he term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5). The statute does not apply to the loan obtained by Lingo, which was a loan for a business, not for "personal, family, or household purposes." See id. The district court properly granted summary judgment on Lingo's Fair Debt Collection Practices Act claim. Summary judgment was also proper on any related claim that Lingo may have brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., which he contends was also violated. No facts in the record support an allegation that there was a misuse of a credit report in any manner that would support a claim under 15 U.S.C. § 1681b.

Lingo contends that he had a valid claim under the Real Estate Settlement Procedures Act because the servicing agency for his loan was a federally insured bank. That statute provides that it "does not apply to credit transactions involving extensions of credit—(1) primarily for business, commercial, or agricultural purposes." 12 U.S.C. § 2606(a). The loan in question was a business loan that was secured by a mortgage on Lingo's business. It was expressly outside of the scope of the Real Estate Settlement Procedures Act. Therefore, the district court

5

did not err in granting summary judgment on Lingo's claim under that Act.

Lingo contends that his claim was not barred under the Federal Trade Commission Act because he filed a claim with the Federal Trade Commission in 2001. There is no private cause of action implied under the Federal Trade Commission Act. Roberts v. Cameron-Brown Co., 556 F.2d 356, 361 n.6 (5th Cir. 1977) (noting that "regulation is in the hands of the administrative agency, and not the private citizen"). Lingo cannot maintain a claim under that Act, and the district court did not err in granting summary judgment on the claim.

None of the Lingo's claims were established against the City, and because the claims against Jackson (in her individual capacity or as City Manager) are based on the same facts, those claims cannot survive either.

Lingo's final contention is that the district court erred in not addressing his claim under the Georgia Fair Business Practices Act. Because the court had resolved all of Lingo's federal claims in favor of the defendants, it could choose not to exercise jurisdiction over that state law claim. See 28 U.S.C. § 1367(c). Any error it may have committed in not addressing the state law claim is harmless.

**AFFIRMED.**