**DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee under Pooling and Servicing Agreement dated as of May 1, 2007 Securitized Asset Backed Receivables LLC Trust 2007–BR4, Plaintiff,**

v.

**George J. FOXX, Unknown Spouse of George J. Foxx, Unknown Tenant 1 and Unknown Tenant 2, Defendants.**

**George J. Foxx, Third–Party Plaintiff,**

v.

**Ocwen Loan Servicing, LLC, Third–Party Defendant.**

**Case No. 8:13–cv–115–T–35TBM.**

United States District Court, M.D. Florida, Tampa Division.

Sept. 19, 2013.

Jeffrey C. Sirolly, Michael D. Starks, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Orlando, FL, Jennifer B. Levy, Joy T. Reid, Natasha L. Coyle, Robert C. Okon, Sandra Rodriguez–Hickman, Steven J. Clarfield, Clarfield & Okon, P.A., West Palm Beach, FL, for Plaintiff.

George J. Foxx, Tampa, FL, pro se.

## ORDER

MARY S. SCRIVEN, District Judge.

**THIS CAUSE** comes before the Court for consideration of the Motion to Dismiss (Dkt. 8) filed jointly by Plaintiff Deutsche Bank National Trust Company ("Deutsche

Bank") and Third–Party Defendant Ocwen Loan Servicing, LLC ("Ocwen"); and the Response in opposition thereto (Dkt. 9) filed by Defendant George J. Foxx ("Foxx"). Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS in part and DENIES in part** the Motion to Dismiss.

## I. BACKGROUND

On June 15, 2011, Plaintiff Deutsche Bank filed a Verified Complaint in state court for foreclosure against Foxx, Foxx's Unknown Spouse, Unknown Tenant # 1, and Unknown Tenant # 2. (Dkt. 2) In response to the Complaint, Foxx, proceeding *pro se*, filed a pleading titled "Counterclaim(s) and Demand for Trial by Jury Affirmative Relief in Wrongful Foreclosure Action." (Dkt. 3) In the pleading, Foxx asserts fifteen claims against Plaintiff Deutsche Bank and Third–Party Ocwen. (*Id.*) The Court construes Foxx's pleading as a counterclaim and third-party complaint ("Counterclaim and Third–Party Complaint"). This is Foxx's second lawsuit against Deutsche Bank and Ocwen, in which he seeks judicial relief stemming from the same operative facts described below. *See George J. Foxx v. Ocwen Loan Servicing, et al.,* No. 8:11–CV–1766–T–17EAK–EAJ (M.D.Fla. filed Aug. 8, 2011).

Although the most recent pleading is difficult to follow, it appears that Foxx contends that he was served with wrongful foreclosure proceedings after having engaged in what he understood was a "Streamlined Modification Agreement" ("SMA"). (*Id.*) According to Foxx, Ocwen extended to him an offer to modify his mortgage if he completed certain paperwork and forwarded it to Ocwen, along with the first modification payment. (*Id.* at ¶ 3, 4) Foxx alleges he complied with these terms. (*Id.* at ¶ 15) Believing that his compliance consummated a new, modified agreement, Foxx sent payments to Ocwen. (*Id.*) Foxx claims that although Ocwen received and kept his payments, Ocwen failed to credit the payments to his account or render his account current. (*Id.* at ¶ 16, 46, 49) [1] Foxx alleges that, "Ocwen teamed with Deutsche Bank to continue to carry out the deceptive ploys, tricks, and evil deeds[.]" (*Id.* at ¶ 46)

Based on the foregoing, Foxx brings fifteen claims against Ocwen and Deutsche Bank. In response, Ocwen and Deutsche Bank filed the instant Motion to Dismiss.

## II. LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al.,* 711 F.2d 989, 995 (11th Cir.1983). A complainant must plead only enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1968–69, 167 L.Ed.2d 929 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a complainant is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *Berry v. Budget Rent A Car Sys., Inc.,* 497 F.Supp.2d 1361, 1364 (S.D.Fla.2007) (quoting *Twombly,* 127

---

1. Foxx represents in Paragraph 16 that nineteen payments were never credited to his account; however, in later paragraphs 46 and 49, Foxx states that the twenty payments were never credited to his account.

S.Ct. at 1964–65, 127 S.Ct. 1955). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the complainant. *Quality Foods,* 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. *Id.* Thus, dismissal is warranted if, assuming the truth of the factual allegations of the complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Although *pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by an attorney, they must nonetheless comport with the Federal Rules of Civil Procedure, which require a "short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2); *see also Boxer X v. Harris,* 437 F.3d 1107, 1110 (11th Cir.2006). In describing the insufficiency of a "shotgun" pleading, the Eleventh Circuit explained that such filings are subject to dismissal as they "impede the orderly, efficient, and economic disposition of disputes." *Ebrahimi v. City of Huntsville Bd. of Educ.,* 114 F.3d 162, 165 (11th Cir.1997).

## III. DISCUSSION

Deutsche Bank and Ocwen (collectively "Defendants") seek dismissal of Count I with prejudice based on *res judicata* and seek dismissal of Count XI with prejudice based on the statute of limitations. Defendants move for Foxx's remaining thirteen claims to be dismissed without prejudice, arguing that Foxx's Counterclaim and Third–Party Complaint is an impermissible shotgun pleading. Foxx responds that *res judicata* is inapplicable under the circumstances of this case as to Count I.

Further, Foxx argues that the statute of limitations does not bar Count XI because the statute of limitations was tolled. Lastly, Foxx argues that his remaining claims should not be dismissed because he concisely and clearly alleges causes of action for which relief could be granted.

Upon review of Foxx's Counterclaim and Third–Party Complaint, the Court agrees with Defendants that the forty-three page, 136 paragraph Complaint is a typical shotgun pleading.

*i. Count I: Fair Credit Reporting Act*

 In Count I of Foxx's Counterclaim and Third–Party Complaint, he alleges that Defendants failed to comply with the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* In violation of the FCRA, Foxx claims that Ocwen "failed to conduct a proper investigation of disputed credit entries;" "failed to correct the credit reports even after it stated in the SMA it would do so;" "continued to falsely report to the credit bureaus negative information regarding [him] after 19 payments after the SMA was executed;" and "failed to take the appropriate corrective action after being advised to do so in 20 repeated notices of disputes." (Dkt. 3 at ¶ 58–61) Defendants argue that Foxx's FCRA claim must be dismissed with prejudice on *res judicata* grounds. According to Defendants, this Court previously dismissed with prejudice an identical FCRA claim Foxx brought against Defendants in a related action, *George J. Foxx v. Ocwen Loan Servicing, et al.,* No. 8:11–CV–1 766–T–17EAK–EAJ (M.D. Fla. filed Aug. 8, 2011) ("Prior Litigation"). Foxx, however, contends that *res judicata* is not proper under the circumstances of this case. Foxx asserts that during the pendency of the first action he continued to make payments to Defendants and that Defendants failed to update his credit records and provided inaccurate information.

To the extent that Foxx is attempting to revive the FCRA claim that this Court dismissed with prejudice in the Prior Litigation, the claim is barred by *res judicata*. Under the doctrine of *res judicata*, a final judgment on the merits in a prior suit bars a second suit involving the same parties and same cause of action on all matters that were part of the first suit and all issues that could have been litigated. *Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1501 (11th Cir.1984). *Res judicata* "bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised." *Harley v. Health Ctr. of Coconut Creek, Inc.*, 518 F.Supp.2d 1364, 1369 (S.D.Fla.2007). The elements necessary to establish *res judicata* are: (1) whether the issue in the present action is identical to the one decided in the prior proceeding, (2) whether the prior litigation reached a final judgment on the merits, and (3) whether the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication. *Concordia v. Bendekovic*, 693 F.2d 1073, 1076 (11th Cir.1982).

In the instant case, these three elements are met. Although Foxx does not specify which subsection of the FCRA Defendants allegedly violated, based on his factual allegations, it appears that Foxx is attempting to assert a violation of 15 U.S.C. § 1681s–2. In the Prior Litigation, Foxx brought a claim under the FCRA against Defendants, Ocwen and Deutsche Bank. Foxx alleged that Defendants violated the FCRA by "failing to adequately conduct an investigation with respect to the disputed information," "furnishing inaccurate information relating to Mr. Foxx to the major consumer reporting agencies," and "fail[ing] to report the results of any investigat[ive] findings to the consumer report-ing agencies that the information provided by such person was incomplete or inaccurate." (Prior Litigation, Dkt. 48 at ¶ 31, 32, 34) The Court reached a final judgment on the merits of the FRCA claim, dismissing it with prejudice for failure to provide sufficient facts to sustain a cause of action under the FCRA after the Court had previously provided Foxx with two opportunities to amend his pleading to cure the defects. (Prior Litigation, Dkt. 59 at P. 6); *see Hart v. Yamaha–Parts Distributors, Inc.*, 787 F.2d 1468, 1470 (11th Cir.1986) (dismissal with prejudice operates as a judgment on the merits unless the court specifies otherwise). As such, *res judicata* is applicable and serves as a bar to the stale FCRA claim.

To the extent that Foxx is asserting a new FCRA claim based on the payments he made to Ocwen subsequent to the filing of the Prior Litigation, the new claim fails. In the Prior Litigation, the Court informed Foxx that in order to assert a private right of action for violations of § 1681s–2(b) "[he] must allege that the defendant received notice of the dispute from a consumer reporting agency." (Prior Litigation, Dkts. 47; 59) The Court further advised Foxx that an allegation that the notice of the dispute was provided directly from plaintiff to defendant is insufficient to state a claim. (*Id.*) In Foxx's Counterclaim and Third–Party Complaint, there is no allegation that Ocwen received the statutorily required notice from a consumer reporting agency. As such, the claim fails.

Accordingly, Foxx's Count I is **DISMISSED with prejudice.**

ii. *Count II: Violation of Florida Consumer Collection Practices Act and Federal Fair Debt Collection Practices*

In Count II, Foxx alleges that Defendants violated the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et *seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), FLA. STAT. §§ 559.55 et seq. According to Foxx, Defendants violated the statutes "by filing a wrongful foreclosure and Lis Pendens on the homestead when the loan was brought current under agreement." (Dkt. 3 at ¶ 66) Defendants argue that Foxx's claim must be dismissed because Foxx fails to set forth allegations of ultimate facts sufficient to put Defendants on notice of the claims against them.

### a. Fair Debt Collection Practices Act Claim

■ In order to plead a claim under the FDCPA, Foxx must allege facts showing that: (1) he has been the object of collection activity arising from a consumer debt; (2) Ocwen and Deutsche Bank are debt collectors as defined by the FDCPA; and (3) Ocwen and Deutsche Bank have engaged in an act or omission prohibited by the FDCPA. *See Bentley v. Bank of Am., N.A.*, 773 F.Supp.2d 1367, 1371 (S.D.Fla. 2011).

■ The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects ·or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Excluded from the definition of a debt collector is "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). Thus, "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at

the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985) (citations omitted).

■ Foxx fails to plead factual allegations that Defendants are debt collectors as defined by the FDCPA. Defendant Ocwen, the mortgage servicing company, and Defendant Deutsche Bank, the owner and holder of the mortgage and promissory note, are not "debt collectors" as contemplated by the FDCPA. The FDCPA explicitly excludes a consumer's creditor and mortgage servicing company as long as the debt was not in default at the time it was assigned. Foxx has not alleged that the debt was assigned to Deutsche Bank and Ocwen during the time it was in default. Accordingly, Foxx's FDCPA claim in Count II is dismissed.

### b. Florida Consumer Collection Practices Act Claim

■ The elements necessary to plead a claim under the FCCPA are similar but distinguishable from the elements of establishing a claim under the FDCPA. The first prong is substantially identical to the FDCPA, as the FCCPA only applies to consumer debt. FLA. STAT. § 559.55(1). The second prong differs from the FDCPA in that the FCCPA prohibits acts of "persons" and, accordingly, is not limited to "debt collectors." *See Bacelli v. MFP, Inc., et al.*, 729 F.Supp.2d 1328 (M.D.Fla. 2010). The third prong requires an act or omission prohibited by the FCCPA. In addition to these elements, several subsections of § 559.72 require an allegation of knowledge or intent by the defendant in order to state a cause of action. *Reese v. JPMorgan Chase & Co.*, 686 F.Supp.2d 1291, 1309 (S.D.Fla.2009) ("To plead a FCCPA claim, a party must allege knowledge or intent by the debt collectors in order to state a cause of action.")(omitting internal quotations).

In this case, Foxx fails to specify which subsection Defendants allegedly violated. Foxx sets forth verbatim the conduct proscribed by the statutory language of § 559.72, which describes the practices prohibited by the FCCPA; however, he fails to describe Defendants' conduct that he claims violated the FCCPA. Moreover, Foxx has not alleged that Defendants acted with knowledge or intent knowledge or intent. Instead Foxx alleges in a conclusory fashion, "the acts, actions, and omissions were not unintentional because the Defendants on Counterclaims had plenty of time to make the corrective and appropriate behavior evident." (Dkt. 3 at ¶ 68). As such, Foxx's claim in Count II against Defendants for FCCPA violations is dismissed.

Accordingly, Foxx's Count II is **DISMISSED.**

### iii. Count III: Violation of Florida's Deceptive and Unfair Trade Practices Act

In Count III of the Counterclaim and Third–Party Complaint, Foxx asserts that he is entitled to relief against Defendants under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), §§ 501.201 *et seq.* FDUTPA provides a civil cause of action for "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." FLA. STAT. § 501.204. In order for Foxx to bring a consumer claim for damages under FDUTPA, he must allege (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Rollins, Inc. v. Butland,* 951 So.2d 860, 869 (Fla. 2nd DCA 2006). A deceptive practice is one that is "likely to mislead" consumers. *Davis v. Powertel, Inc.,* 776 So.2d 971, 974 (Fla. 1st DCA 2000). "The Florida Supreme Court has

noted that 'deception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.'" *Zlotnick v. Premier Sales Grp.,* 480 F.3d 1281, 1284 (11th Cir.2007) (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.,* 842 So.2d 773, 777 (Fla. 2003)).

Applying a liberal construction to Foxx's Counterclaim and Third–Party Complaint, the Court finds that Foxx fails to allege facts to support a claim for a violation of FDUTPA against Defendants. Specifically, Foxx fails to allege facts showing that Defendants engaged in a deceptive act or unfair practice. Foxx further fails to allege that Defendants' representation in the SMA was likely to mislead a consumer acting reasonably in the circumstance, to the consumer's detriment. Accordingly, Foxx's Count III is **DISMISSED.**

### iv. Count IV: Breach of Contract

In Count IV of the Counterclaim and Third–Party Complaint, Foxx asserts a breach of contract claim against Defendants in an incoherent, disjointed fashion. Under Florida law, in order for Foxx to maintain an action for breach of contract, Foxx must allege: (1) a contract existed; (2) the contract was breached; and (3) damages flowed from that breach. *Rollins, Inc. v. Butland,* 951 So.2d 860, 876 (Fla. 2d DCA 2006).

Here, Foxx has failed to specifically allege which contract he is claiming was breached. Throughout Foxx's Counterclaim and Third–Party Complaint, he discusses solely the alleged loan modification agreement; however, in Count IV he references a provision of the original mortgage contractual agreement. Based on the confusion as to which contract Foxx

claims was breached, Count IV is **DIS-MISSED**.

v. *Count V: Violations of the Racketeer Influence and Corrupt Organizations Act*

In Count V of the Counterclaim and Third–Party Complaint, Foxx claims that Defendants violated the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 *et seq.* According to Foxx, Defendants "acted in concert with one another knowing the acts, actions, and practices were wrongful and egregious especially after warning, notices, litigation, and chose not to make any corrective changes for the positive." (Dkt. 3 at ¶ 82)

■ In order for Foxx to assert a viable RICO claim, Foxx must plead sufficient facts regarding four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *See Special Purpose Accounts Receivable Coop. Corp. v. Prime One Capital Co., LLC*, 202 F.Supp.2d 1339, 1346 (S.D.Fla.2002) (citing *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir.1988)). The phrase "racketeering activity" is defined as including any act which is indictable under a lengthy list of criminal offenses, including the federal statutes prohibiting mail and wire fraud, obstruction of justice, and tampering with witnesses. *Id.; see also* 18 U.S.C. § 1961(1).

■ In this case, Foxx has not pleaded sufficient factual allegations to support a RICO claim. Instead of alleging facts, Foxx discusses in two pages the RICO statute and the definitions referenced therein. Even after Foxx's protracted legal discussion of the RICO statute, he fails to allege facts that Defendants engaged in an *enterprise* through a *pattern* of *racketeering activity*. Notably, Foxx's isolated, personal experiences with Defendants do not demonstrate a pattern of racketeering activity.

Accordingly, Foxx's RICO claim, Count V, is **DISMISSED with prejudice**.

vi. *Count VI: Fraud and Misrepresentation*

■ In Count VI of Foxx's Counterclaim and Third–Party Complaint, he asserts that Ocwen and Deutsche Bank committed general fraud and misrepresented material facts. To establish a claim for fraudulent misrepresentation, Foxx must assert the following: (1) a false statement concerning a material fact; (2) the representer's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation. *Butler v. Yusem*, 44 So.3d 102, 105 (Fla.2010).

■ Foxx has failed to plead the necessary elements to state a claim for fraud and misrepresentation. Foxx alleges that Defendant Ocwen "forwarded [to him] a statement containing false [statements] and misrepresentations of account, payments, fees, charges, and material misrepresentation[s] that are considered 'dishonest' fraudulent and egregious." (Dkt. 3 at ¶ 88) This is a conclusory allegation that does not specify with any particularity the facts needed to support a claim of fraud. As a result, Foxx's Count VI is **DISMISSED**.

vii. *Count VII: Gross Negligence*

In Count VII of Foxx's Counterclaim and Third–Party Complaint, Foxx asserts that Ocwen and Deutsche Bank committed gross negligence. Foxx alleges that due to Defendants' "superior knowledge of the deceptive and unfair nature of the SMA Scheme, [they] had and have a duty to disclose to the public the deceptive nature

of the SMA Scheme." (Dkt. 3 at ¶ 96) Foxx also alleges that Defendants had a duty to act with reasonable care in their dealing with Foxx, yet failed to do so when they tried to foreclose on his property.

In order to allege a cause of action for gross negligence, Foxx must allege the following elements: (1) the existence of a composite of circumstances which, together, constitute an imminent or clear and present danger amounting to more than the normal and usual peril; (2) a showing of chargeable knowledge or awareness of the imminent danger; and (3) an act of omission occurring in a manner which evinces a conscious disregard of the consequences. *Tran v. Waste Mgmt., Inc.*, 290 F.Supp.2d 1286, 1294 (M.D.Fla. 2003).

In the instant case, Foxx has failed to plead factual allegations sufficient to meet this standard. Foxx's allegations that Defendants were instituting foreclosure proceedings on his property do not arise to the imminent danger the cause of action requires. As such, Foxx's Count VII is **DISMISSED.**

viii. *Count VIII: Intentional or Reckless Misrepresentation*

In Count VIII of Foxx's Counterclaim and Third–Party Complaint, Foxx alleges that based on Defendant "Ocwen's representation regarding the quality and characteristics of the SMA," he agreed to what he thought was a mortgage modification and paid twenty payments under the SMA. (Dkt. 3 at ¶ 102)

In order to allege a viable cause of action for negligent misrepresentation, four elements must be presented. Foxx must allege that (1) there was a misrepresentation of material fact; (2) the representers, Ocwen and Deutsche Bank, either knew of the misrepresentation, made the

misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation. *See Florida Women's Medical Clinic, Inc. v. Sultan*, 656 So.2d 931, 933 (Fla. 4th DCA 1995).

Foxx has failed to plead the facts necessary to state a claim for negligent misrepresentation. Although Foxx alleges in a conclusory fashion that Defendant Ocwen intentionally made a material misrepresentation, he fails to provide the facts to support such conclusion. As to Defendant Deutsche Bank, Foxx also fails to allege facts to support his conclusion that Deutsche Bank engaged in conduct to misrepresent material facts to Foxx. (Dkt. 3 at ¶ 103) As a result of Foxx's failure to sufficiently plead, Count VIII is **DISMISSED.**

ix. *Count IX: Defamation and Credit Slander*

In Count IX of Foxx's Counterclaim and Third–Party Complaint, Foxx claims slander of credit against Defendants. Foxx alleges that Defendant Ocwen "habitually disseminated derogatory communication [about him] to the national credit bureaus such as Equifax, TransUnion, and Experian." (Dtk. 3 at ¶ 109) Foxx further alleges that "[b]y reason of the derogatory statements [he] suffered emotional distress, embarrassment, and/or credit scoring and denial of further credit as a consequence of being defamed by Defendants." (*Id.* at ¶ 111)

Foxx's defamation claim is preempted by the Fair Credit Reporting Act. *Bermudez v. Equifax Info. Services, LLC*, 607CV–1492–ORL–31 GJK, 2008 WL

5235161, at *4 (M.D.Fla. December 15, 2008) ("[T]he FCRA preempts any claim for common law defamation (Count VI) based on a credit report."). The Fair Credit Reporting Act provides:

> [W]here a company furnishes credit information about a consumer to a credit reporting agency pursuant to the Fair Credit Reporting Act, the company furnishing the information is protected from state law defamation and invasion of privacy claims unless the information it provided was both false and also given with the malicious or willful intent to damage the consumer.

15 U.S.C. § 1681h(e). This provision means that where a company furnishes a consumer's credit information to a credit reporting agency, the company is protected from state law defamation and invasion of privacy claims unless the information it provided was both false and also given with the malicious or willful intent to damage the consumer. *Lofton–Taylor v. Verizon Wireless*, 262 Fed.Appx. 999, 1002 (11th Cir.2008) (omitted internal citation); *see also Hood v. Dun & Bradstreet, Inc.*, 486 F.2d 25, 32 (5th Cir.1973) ("Furthermore, the Act does not preclude an action at common law except where information that would give rise to a cause of action is obtained by the complainant pursuant to the provisions of the Act.").

Consequently, Count IX is **DISMISSED with prejudice.**

### x. *Count X: Unjust Enrichment*

In Count X, Foxx asserts a claim for unjust enrichment. To support his claim, he asserts: "[Foxx] hereby incorporate[s] by reference all preceding paragraphs of these Counterclaimants (sic) as if fully set forth herein and further alleges as follows." (Dkt. 3 at P. 34 ¶ 113) Foxx provides no additional allegations to follow that statement. It appears that page 35 of the Counterclaim and Third–Party Complaint was not filed with the Court. As such, in the absence of specific allegations, Foxx fails to support his unjust enrichment claim. Accordingly, Foxx's Count X is **DISMISSED.**

### xi. *Count XI: Violation of the Truth in Lending Act*

In Count XI of Foxx's Counterclaim and Third–Party Complaint, Foxx alleges that Defendants violated the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* TILA is a consumer protection statute that seeks to "avoid the uninformed use of credit" through the "meaningful disclosure of credit terms," thereby enabling consumers to become informed about the cost of credit. 15 U.S.C. § 1601(a). TILA creates a private cause of action for actual and statutory damages for certain disclosure violations. *Id.* Pursuant to 15 U.S.C. § 1640(e), a claim for damages must be brought within one year from the closing date for the underlying transaction. 15 U.S.C. § 1640(e).

Foxx fails to adequately plead a TILA claim. Yet, if Foxx pleaded the TILA claim adequately, the claim would be barred by the statute of limitations. The closing date for the loan modification agreement was in May of 2011.[2] As such, Foxx had until May of 2012 to bring a TILA claim. Approximately seven months after the expiration date, Foxx filed his Third–Party Complaint on December 4, 2012. (Dkt. 3) Absent a tolling of the statute of limitations, Foxx's TILA claim is statutorily barred.

---

**2.** On May 9, 2011, Ocwen allegedly offered the Loan Modification Agreement, and on May 22, 2011, Foxx allegedly signed the agreement. *See* (Dkt. 3–1)

Foxx's argument that the statute of limitations was tolled when "Defendants failed to provide accurate statements for a 19–payment period" is unavailing and unpersuasive. (Dkt. 9 at P. 5) Foxx has not demonstrated that equitable tolling applies in this case on grounds that he was somehow prevented from bringing a TILA claim against Defendants due to inequitable circumstances. *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir.1998) (" "Equitable tolling" is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances.").

As such, Foxx's TILA claim is time-barred and Count XI is **DISMISSED with prejudice.**

xii. *Count XII: Federal Trade Commission Act*

In Count XII, Foxx alleges that Ocwen and Deutsche Bank engaged in "practices before, during, and after the engagement of the SMA Scheme [that] were deceptive acts or practices in or affecting commerce in violation of § 5(a) of the Federal Trade Commission Act, 15 USC § 45(a)[.]" (Dkt. 3 at ¶ 124)

The administration of the Federal Trade Commission Act "is in the hands of the administrative agency and not the private citizen." *Roberts v. Cameron–Brown Co.*, 556 F.2d 356, 361 n. 6 (5th Cir.1977). "There is no private cause of action implied under the Federal Trade Commission Act." *Lingo v. Albany Department of Community & Economic Development,* 195 Fed.Appx. 891, 894 (11th Cir.2006); *Monacelli v. Lee County Educ. Ass'n,* 2:08–CV–893–FTM–29DN, 2009 WL 256407, at *4 (M.D.Fla. February 3, 2009). Only the commissioner may bring a complaint for violations of this section. *See Federal Trade Commission v. Klesner*, 280

U.S. 19, 25, 50 S.Ct. 1, 74 L.Ed. 138 (1929). Therefore, the Court finds that Foxx is unable to state a cause of action because no private cause of action exists under the Federal Trade Commission Act. As such, Foxx's Count XII is **DISMISSED with prejudice.**

xiii. *Count XIII: Conversion*

In Count XIII, Foxx asserts a claim of conversion against Defendants. Foxx alleges "Ocwen's acts ... alleged in the Counterclaims amounted to conversion of funds. It is unfair to collect 20 payments and not give proper accountability for the 20 payments." (Dkt. 3 at ¶ 128)

Conversion is an unauthorized act that deprives a person of his property permanently or for an indefinite time. *Shelby Mutual Insurance Co. of Shelby, Ohio v. Crain Press, Inc.,* 481 So.2d 501, 503 (Fla. 2d DCA 1985). A conversion occurs when a person who has a right to possession of property demands the property's return and the demand is not or cannot be met. *Id.* A demand and refusal, however, are unnecessary where it would be futile and the act preventing a return results in a depriving of possession and, thus equates to a conversion. *Id.*

In the instant case, Foxx has not pleaded that the possession of the funds was unauthorized, that he demanded the return of the twenty payments he made to Defendants, that Defendants refused to refund his money or that it would be futile to demand the return of his payments. As such, Count XIII is **DISMISSED.**

xiv. *Count XIV: Reckless and Wanton Misconduct*

In Count XIV, Foxx alleges that Defendants "individually and severally acted with the greatest amount of reckless and

wanton misconduct[.]" (Dkt. 3 at ¶ 131) Specifically, Foxx alleges:

"[T]o accept 20 payments after agreement demonstrated intentional egregiousness worthy of the stiffest damage award for compensatory and punitive. To further, accept the payments and not give the proper credits is even more egregious, greedy, and low-down equating to the 'Superlative of Opprobrium (the highest of the lowest.)' "

(*Id.* at ¶ 132)

■ Reckless and wanton misconduct is more than ordinary negligence but less than deliberate or intentional conduct. *See Carraway v. Revell,* 116 So.2d 16 (Fla. 1959). Foxx's Counterclaim and Third–Party Complaint does not state facts sufficient to show that Defendants' conduct constituted reckless or wanton conduct. As a result of Foxx's failure to sufficiently plead, Count XIV is **DISMISSED.**

xv. *Count XV: Unfair, Deceptive, Abusive Acts or Practices*

In Count XV of Foxx's Counterclaim and Third–Party Complaint, Foxx alleges that Defendants engaged in unfair, deceptive, abusive acts or practices ("UDAAP"). (Dkt. 3 at P. 38–39) UDAAP is a provision of the Federal Trade Commission Act. Specifically, section 5 of the Federal TCA establishes the statutory basis for UDAAP. As detailed above, the administration of the Federal Trade Commission Act, including UDAAP, "is in the hands of the administrative agency and not the private citizen." *Roberts,* 556 F.2d at 361 n. 6. Consequently, Foxx does not have a private action under UDAAP, and Count XV is **DISMISSED with prejudice.**

xvi. *Jury Trial Demand*

■ In Foxx's Counterclaim and Third–Party Complaint, he demands "trial by jury for all issues so triable." (Dkt. 40

at P. 43) Defendants contend, however, that Foxx improperly requests trial by jury. Defendants assert that Foxx waived any right to a trial by jury when he signed Deutsche Bank's Mortgage. Paragraph 25 of Deutsche Bank's Mortgage contains a jury trial waiver, stating:

**25. Jury Trial Waiver:** The Borrower hereby waives all rights to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

(Dkt. 2–2 at 15) Defendants contend that Foxx's claims arise out of the Loan Document. The Court agrees. Though not a model of clarity, Foxx's Counterclaim and Third–Party Complaint arise from what he thought was an agreement that purportedly modified his mortgage and brought it current. Thus, Foxx's allegations make clear that even if his claims do not arise out of the original mortgage, they are "in [some] way related to th[at] Security Instrument or the Note." Accordingly, the waiver provision is applicable and Foxx's Jury Demand is **STRICKEN.**

## IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendants' Motion to Dismiss (Dkt. 8) is **GRANTED** without prejudice as to Counts II, III, IV, VI, VII, VIII, X, XIII, XIV, and with prejudice as to Counts I, V, IX, XI, XII, XV.

2. Foxx is **GRANTED** leave to file an amended pleading on or before **October 11, 2013.** Foxx may amend his claims that have not been dismissed with prejudice, only if he has a non-frivolous, legal basis to assert the claims. Foxx is advised that filing claims that are frivolous may

result in the imposition of sanctions, including dismissal and awards of fees and costs, pursuant to Rule 11 of the Federal Rules of Civil Procedure.

3. In addition, if Foxx chooses to file an Amended Counterclaim and Third–Party Complaint, failure to correct therein the defects identified in this Order may result in dismissal of the noncompliant claims with prejudice. Moreover, the Amended Counterclaim and Third–Party Complaint shall not serve as an opportunity to add new claims.