JAMES I. COHN, United States District Judge
THIS CAUSE is before the Court on Defendant Seterus, Inc.'s Motion to Dismiss Count II of Plaintiff's Complaint [DE 7] ("Motion"). The Court has considered the Motion, Plaintiff's Response [DE 9], Defendant's Reply [DE 10], and the record in this case, and is otherwise advised in the premises.
I. Background
On August 3, 2018, Plaintiff Gregory Light filed this action in state court on behalf of his client, Conrad Anthony McPherson, against Seturus, Inc., for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") (Count I) and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") (Count II). DE 1-1. On September 26, 2018, Seterus removed this action to federal court pursuant to 28 U.S.C. § 1331. DE 1 at 1.
Plaintiff alleges that Seterus tried to collect on a debt arising from McPherson's mortgage on a home in Boca Raton, Florida. DE 1-1 at 6. To collect on the debt, Seterus made frequent calls to Plaintiff on behalf of the Federal National Mortgage Association ("Fannie Mae"), which had initiated a foreclosure proceeding on McPherson's home. Plaintiff represents McPherson in that proceeding. DE 7 at 4.
Specifically, Plaintiff alleges that Seterus used an automated dialing system to place numerous calls to his cellphone and work phone, beginning around July 2017. DE 1-1, ¶ 52. The stated purpose of these calls was to learn what McPherson intended to do with his mortgaged property and whether the property had been affected by Hurricane Irma. Id., ¶ 57. Plaintiff states that these calls were unsolicited and that he requested that Defendant stop contacting him using an automated dialing system. Id., ¶ 55. Despite this request, Plaintiff alleges that Seterus continued to contact him using an automated dialing system. Id., ¶ 56.
II. Legal Standard
Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955 ).
Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555, 127 S.Ct. 1955. A complaint should not be dismissed simply because it is doubtful that the plaintiff will be able to prove all of *1213 the necessary factual allegations. Id. Accordingly, a well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 556, 127 S.Ct. 1955.
III. Discussion
Defendant has moved to dismiss only Count II of the Complaint-the FDCPA claim. Defendant argues that this claim should be dismissed for two reasons: (1) the Complaint fails to allege that Defendant is a "debt collector," and (2) Plaintiff has not sufficiently alleged that Defendant made the calls with the intent to "annoy, abuse or harass." DE 7. The Court notes that Plaintiff, as McPherson's attorney, has standing to bring suit under the FDCPA even though he is not the borrower. See Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1291, 1300 (11th Cir. 2015).
A. Whether Defendant is a "Debt Collector" Under the FDCPA
The FDCPA defines "debt collector" as:
any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.
15 U.S.C. § 1692a(6). The FDCPA excludes from this definition any person attempting to collect a debt which:
(ii) was originated by such person;
(iii) concerns a debt which was not in default at the time it was obtained by such person; or
(iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.
§§ 1692a(6)(F)(ii)-(iv). In other words, "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Deutsche Bank Nat'l Trust Co. v. Foxx, 971 F.Supp.2d 1106, 1114 (M.D. Fla. 2013) (quoting Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) ).
Defendant claims that Plaintiff has made only "conclusory allegations" that Seterus is a "debt collector." DE 7 at 6. But the Complaint specifically alleges that "Seterus was hired to collect the disputed debt by the Federal National Mortgage Association," and "the primary function of Seterus's business is to collect payments due to others." DE 1-1, ¶¶ 12, 13. These allegations are more than "conclusory"; they are facts that, if taken as true, demonstrate that Defendant "regularly collects or attempts to collect ... debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).
Defendant cites several cases to support its argument. But none of these cases concern "conclusory" allegations; in each case, the FDCPA claims were dismissed because the alleged debt collector fell under one of the statutory exemptions. In Reese v. JPMorgan Chase & Co., 686 F.Supp.2d 1291, 1308 (S.D. Fla. 2009), the plaintiff alleged that JPMorgan Chase was the creditor and mortgage servicer on the plaintiff's debt. The court stated that the FDCPA "explicitly excludes a consumer's creditors, and mortgage servicing companies." Id. Likewise in Deutsche Bank v. Foxx, 971 F.Supp.2d at 1114, the plaintiff alleged that Deutsche Bank was "the owner and holder of the mortgage and promissory note," and thus the court held that it was not a " 'debt collector' as contemplated by the FDCPA." Id. And in Williams v. Edelman, 408 F.Supp.2d 1261, 1265-66 (S.D. Fla. 2005), the business at issue was *1214 not a debt collector because it was the servicer on a debt that was not in default. Here, Plaintiff does not allege that Seterus was McPherson's creditor, mortgage servicing company, or that it in any way had an ownership interest in McPherson's debt. Thus, the cases that Defendant cites are all inapposite.
Defendant next argues that the Complaint should be dismissed because Plaintiff fails to allege that the debt was in default at the time Defendant was hired to collect it. DE 10 at 2. As noted above, the FDCPA exempts from the term "debt collector" any entity attempting to collect a debt "which was not in default at the time it was obtained by such person." § 1692(a)(6)(F)(iii). Defendant asserts that "the Complaint contains no allegations regarding the status of the debt when it was obtained." DE 10 at 2.
But to survive a motion to dismiss, Plaintiff is not required to demonstrate that Defendant does not fall under any of the statutory exemptions. Plaintiff need only plead that Defendant fits within the definition of "debt collector" as found in section 1692a(6). As the Eleventh Circuit stated, "[s]ection 1692a(6) clearly, plainly, and directly states that a person who is engaged in any business the principal purpose of which is debt collection or a person who regularly collects or attempts to collect debts owed or due another qualifies as a 'debt collector.' " Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309, 1314 (11th Cir. 2015). The Eleventh Circuit further explained that, "[i]n contrast to the exclusion at § 1692a(6)(F)(iii), the statutory definition of 'debt collector' applies without regard to the default status of the underlying debt." Id. at 1314. Defendant cites to no case supporting its position that a plaintiff needs to plead that a debt is in default to allege that the defendant is a "debt collector" under the FDCPA. Accordingly, the Court finds that Plaintiff has adequately pled that Defendant is a "debt collector."
B. Whether Defendant Intended to "Annoy, Abuse, or Harass"
Defendant next contends that Plaintiff fails to allege that Seterus made the calls "with the intent to annoy, abuse or harass." The FDCPA prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. This includes "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." § 1692d(5). The "consumer protective purposes of the FDCPA" require courts to consider claims under section 1692d"from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse." Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1179 (11th Cir. 1985). "Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury." Id.
As an initial matter, Defendant contends that the "actual purpose of the calls" was not to collect a debt but to "ascertain what Mr. McPherson intended to do with his mortgaged property and whether the property had been affected by Hurricane Irma." DE 7 at 7. Plaintiff alleges, however, that these calls were made "with the aim of pressuring Conrad Anthony McPherson into paying the Debt." DE 1-1, ¶ 23. Plaintiff states that Defendant called "incessantly," even after Plaintiff put in a formal request for Defendant to stop, and repeatedly asked the same questions that Plaintiff had already answered. DE 1-1, ¶¶ 56-57. On these facts, it is more *1215 than plausible that Defendant's calls were to pressure McPherson into paying a debt, and not to inquire about the condition of a property.
Nevertheless, Defendant insists that these calls were not made with the intent to "annoy, abuse or harass." Defendant offers several arguments to support this claim, none of which are availing.
First, Defendant contends that merely asking the same questions Plaintiff had already answered does not demonstrate an intent to annoy or harass. DE 7 at 2. Taken in isolation, this fact might not be enough to evince an intent to annoy or harass. But harassment under the FDCPA involves a pattern of conduct, not isolated acts. See Beeders v. Gulf Coast Collection Bureau, 796 F.Supp.2d 1335, 1337 (M.D. Fla. 2011). Plaintiff has alleged a number of facts which, taken together, sufficiently demonstrate a pattern of harassment on the part of Seterus.
Second, Defendant contends that "Plaintiff bases his FDCPA claim on the allegation that Seterus called him and his law firm six times." DE 7 at 2. This is plainly false. Plaintiff alleges that "Seterus called Plaintiff a multitude of times in a campaign designed to apply maximum psychological stress," DE 1-1, ¶ 23, including "up to five times per day." Id., ¶ 57. The "six calls" Defendant references are merely listed as examples in the Complaint to illustrate the frequency with which Defendant called. In fact, Plaintiff explicitly states, "a sampling of Seterus's campaign include, but are not limited to, calls placed on [six dates in April 2018]." Id., ¶ 23. Plaintiff has sufficiently alleged a pattern and frequency of calls from which a jury could easily infer an intent to harass.
Third, Defendant contends that the FDCPA does not expressly prohibit using an automatic dialer (as opposed to the TCPA). But Plaintiff does not suggest that the use of an automatic dialer itself violates the FDCPA. Plaintiff simply emphasizes the use of an automatic dialer as part of a pattern of annoying and harassing behavior. Plaintiff states that, "upon answering any of these calls, Plaintiff would be greeted by an automated, machine-operated voice message or a noticeable period of 'dead air' while the caller's auto-dialing system attempted to connect the Plaintiff to a live telephone employee." DE 1-1, ¶ 20. This allegation merely helps to illustrate the harassing nature of the calls.
Defendant insists, however, that the use of an automatic dialer "is not a relevant factor" under 1692d, citing Mesa v. Pennsylvania Higher Educ. Assistance, No. 16-24577-CIV, 2017 WL 8812736 (S.D. Fla. Dec. 13, 2017). Although Mesa provides a list of non-exhaustive factors that courts may consider under 1692d, courts are not limited to any particular set of factors under 1692d. See Valle v. Nat'l Recovery Agency, No. 8:10-CV-2775-T-23MAP, 2012 WL 1831156, at *1 (M.D. Fla. May 18, 2012) ("Factors often examined in assessing a claimed violation of Section 1692d and Section 1692d(5) include [the factors listed in Mesa ]"); Meadows v. Franklin Collection Serv., Inc., 414 F. App'x 230, 232 (11th Cir. 2011) (" Section 1692d [ ] provides a non-exhaustive list of prohibited conduct.") Moreover, one of the Mesa factors is "the medium of the debt collector's communication," which undoubtedly encompasses the use of an automatic dialing system.
Fourth, Defendant argues that Plaintiff never asked Defendant to stop calling him, only to "stop contacting him using an automated dialing system." DE 7 at 7-8. But under the FDCPA, it is not necessary for individuals to request that debt collectors stop calling them before the calls can constitute harassment. A completely *1216 separate section of the FDCPA prohibits a debt collector from continuing to contact a consumer after the consumer has asked the debt collector to stop. 15 U.S.C. § 1692c(c). Courts have held that continuing to contact a consumer after the consumer has requested the debt collector stop can constitute harassment. See, e.g. Dunning v. Portfolio Recovery Assocs., LLC, 903 F.Supp.2d 1362, 1367 (S.D. Fla. 2012). But calls can "harass, oppress, or abuse" whether or not the recipient has requested they stop. See Meadows, 414 F. App'x at 234 (holding that the defendant's calls constituted harassment even though the plaintiff never answered them). Besides, Defendant continued to contact Plaintiff using an automated dialer even after Plaintiff requested it stop. This fact, combined with Plaintiff's other allegations, undoubtedly demonstrates an intent to harass.
Finally, Defendant argues that the facts of this case are analogous to Rhinehart v. Diversified Cent., Inc., No. 4:17-CV-624-VEH, 2018 WL 372312, at *10 (N.D. Ala. Jan. 11, 2018), in which the court found that the defendant's conduct did not rise to the level of harassment. There, the defendant contacted the plaintiff using an automatic dialing system 34 times in 65 days. Id. But in that case, the plaintiff "did not allege that she answered any of these calls, the content of any messages which were left, or that, before any of them were made, she asked that they be discontinued." Id. By contrast, here Plaintiff has alleged that: (i) Defendant called him up to five times a day and on back-to-back days; (ii) Defendant continued to use an automatic dialer after Plaintiff put in a formal request for it to stop; and (iii) Defendant repeatedly asked the same question that Plaintiff had already answered. These facts, taken together, go far beyond what was alleged in Rhinehart.
In sum, Plaintiff's has sufficiently alleged an intent to "harass, abuse, or annoy." To survive a motion to dismiss, Plaintiff does not need to prove Defendant's true intent behind the calls. Jeter, 760 F.2d at 1179. At the very least, the Complaint demonstrates that Defendant exhibited "conduct the natural consequence of which is to harass, oppress, or abuse." § 1692d. Plaintiff has therefore sufficiently alleged a violation of section 1692d. Accordingly, it is
ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Count II of Plaintiff's Complaint [DE 7] is DENIED .
DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day December, 2018.